# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Nora* and her minor son, Jose* (by and through his mother),<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | ) Case: 1:20−cv−00993<br>) Assigned To : Jackson, Amy Berman<br>) Assign. Date : 4/16/2020<br>) Description: Gen. Civil (E−DECK)<br>)<br>) |
| Jonathan* and his minor son, Steven* (by and through his father),<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | ) No. 2020-cv-_____<br>)<br>)<br>)<br>) |
| Emilia* and her minor daughters, Gabriela* and Jane* (by and through their mother),<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | )<br>)<br>)<br>)<br>)<br>) |
| Fabiola*,<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | )<br>)<br>)<br>)<br>) |
| Ernesto*,<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | )<br>)<br>)<br>)<br>) |
| Laura*, her husband Joseph* and their minor children, Anna* and Carlos* (by and through their mother),<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | )<br>)<br>)<br>)<br>)<br>) |
| Diana* and her minor children, Wanda* and Diego* (by and through their mother),<br>c/o American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004 | )<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED

APR 14 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Jessica* and her minor children, Edgar* and Damian*    )
(by and through their mother),    )
c/o American Civil Liberties Union    )
125 Broad Street, 18th Floor    )
New York, NY 10004    )
    )
Henry* and his minor daughter Carolina*    )
(by and through their mother)    )
c/o American Civil Liberties Union    )
125 Broad Street, 18th Floor    )
New York, NY 10004    )
    )
Armando* and his minor son Salvador* (by and    )
through his father)    )
c/o American Civil Liberties Union    )
125 Broad Street, 18th Floor    )
New York, NY 10004    )
    )
Carmen* and her minor children Lola* and Esteban*    )
(by and through their mother)    )
c/o American Civil Liberties Union    )
125 Broad Street, 18th Floor    )
New York, NY 10004    )
    )
*Plaintiffs*,    )
    )
v.    )
    )
CHAD F. WOLF, Acting Secretary of the    )
Department of Homeland Security, in his official    )
capacity,    )
245 Murray Lane, SW,    )
Washington, DC 20528;    )
    )
U.S. DEPARTMENT OF HOMELAND SECURITY,    )
245 Murray Lane, SW,    )
Washington, DC 20528;    )
    )
*Defendants*.    )
    )

## PLAINTIFFS' UNOPPOSED[1] MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO FILE SUPPORTING EXHIBITS UNDER SEAL

---

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who stated that Defendants do not oppose the relief requested in this motion. Defendants reserve the right to move to unseal Plaintiffs' names at a later time.

Plaintiffs are asylum applicants who have suffered extensive past persecution who fear continued persecution in their countries of origin and in Mexico, where they are forced to remain, pending an outcome in their immigration proceedings. Plaintiffs fear that their persecution will become more severe if their identities and status as asylum applicants are publicly disclosed. Because of the "sensitive and highly personal" nature of their cases, *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008), they seek leave to proceed under the pseudonyms Nora and her son Jose, Jonathan and his son Steven, Emilia and her daughters Gabriela and Jane, Fabiola, Ernesto, Laura, her husband Joseph and their children Anna and Carlos, Diana and her children Wanda and Diego, Jessica and her sons Edgar and Damian, Henry and his daughter Carolina, Armando and his son Salvador, Carmen and her children Lola and Esteban.

Plaintiffs ask this Court to grant them leave to proceed under a pseudonym for the following reasons: (1) The complaint filed contemporaneously with this motion and subsequent pleadings will contain sensitive, personal information, including details of the trauma Plaintiffs suffered, Plaintiffs' abusers, and Plaintiffs' current whereabouts; (2) Plaintiffs fear that, should this information become public, given the dangerous areas of Mexico in which they are forced to live, they would likely become victims of retributive violence; (3) Plaintiffs are concerned that, were they to be returned to their home countries, they could be the victims of retributive violence; (4) Plaintiffs fear that their family members in their home countries and in the U.S. would be at risk of harm and violence if the details of Plaintiffs' immigration to the United States were to become public; and (5) Plaintiffs Jose, Steven, Gabriela, Jane, Anna, Carlos, Wanda, Diego, Edgar, Damian, Carolina, Salvador, Lola, and Esteban are minors, Fed. R. Civ. P. Rule 5.2(a) provides that their identities shall be protected through, at a minimum, the use of initials.

The feared harms from disclosure are not theoretical: the family of one Plaintiff was threatened after his case received press coverage; the men who raped two Plaintiffs found and raped them again after they had traveled to a new city. For all these reasons, Plaintiffs respectfully request leave to proceed pseudonymously.

Accordingly, Plaintiffs respectfully move this Court for leave to file under seal Exhibits 1-12—Plaintiffs' declarations and pseudonym chart in support of this motion—and to proceed in this suit under their proposed pseudonyms. In addition, Plaintiffs request an order prohibiting Defendants from publicly disclosing their identities. They do not seek to remain pseudonymous to the Defendants and are providing simultaneously with the filing of this motion and suit, Defendants with Exhibit 12, the pseudonym chart of their true names and alien numbers, matched with the pseudonyms they seek to use in this suit.

## I.     The Use of Pseudonyms Is Justified Here.

While the general rule is that complaints state the names of the parties, *see* Fed. R. Civ. P. 10(a) and LCvR 5.1(c), 11.1, a court has the discretion to allow a plaintiff to proceed anonymously. *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). For a plaintiff to proceed pseudonymously, "the need for anonymity" should "outweigh[] the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005) (internal quotation marks and citation omitted). The burden on Plaintiffs is not a heavy one at the time of filing— Plaintiffs need only make a "colorable argument in support of the request." *Id.* at 10. A trial court abuses its discretion when it fails to consider thoroughly "that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6

F.3d 233, 242 (4th Cir. 1993); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185,

189–90 (2d Cir. 2008); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684–87 (11th

Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

      This Court has exercised its broad discretion to "allow plaintiffs to proceed under a

pseudonym in cases involving matters of a sensitive and highly personal nature." *Doe v.*

*Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Chao*, 587 F.Supp.2d at 99); *see also Yaman v.*

*U.S. Dep't of State*, 786 F.Supp.2d 148, 152–53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06–

2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007). In addition to assessing whether (1) the

justification asserted is to "preserve privacy in a matter of a sensitive or highly personal nature,"

courts deciding a motion for leave to proceed pseudonymously consider whether (2)

identification poses a risk of retaliatory physical or mental harm to the requesting party, (3) the

age of the person whose privacy interests are sought to be protected, (4) whether the action is

against the government or a private party, and (5) whether there is any risk of unfairness to the

opposing party from allowing the action to proceed pseudonymously. *See Doe v. United States*

*Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015) (citing

*Chao*, 587 F.Supp.2d at 99).

      Here, Plaintiffs' claims are sensitive and highly personal. Public disclosure of their

identities could result in physical harm to Plaintiffs and their families. For Plaintiffs who are

minors, their age alone justifies the use of initials. *See* Fed. R. Civ. P. 5.2(a). Additionally, this

action is brought against the government. Because Plaintiffs' identities will be disclosed to the

government (but not the public), there is no risk of unfairness to an opposing party. In sum, while

Plaintiffs have discussed in general terms the facts of their cases in documents to filed publicly,

the further details that they seek to file under seal would, if disclosed publicly, risk identifying them or their families to potential attackers in Mexico and their countries of origin.

    **A. Plaintiffs' Claims Are Sensitive and Highly Personal, and Public Disclosure Could Result in Physical or Mental Harm to Plaintiffs and Their Families.**

Plaintiffs seek to proceed under pseudonyms to protect their privacy and safety, as well as the safety of family members who remain in their countries of origin. While the public typically has an interest in "knowing the facts surrounding judicial proceedings," this case is one in which anonymity is necessary "to preserve privacy in a matter of a sensitive and highly personal nature" and to protect the petitioners from possible future harm. *Doe v. Von Eschenbach*, 2007 WL 1848013, at *1–2 (D.D.C. June 27, 2007).

Each of Plaintiffs' asylum claims is highly sensitive and personal:

- Nora and Jose were kidnapped by cartel members who repeatedly gang raped Nora in front of Jose and threatened to kill them both.

- Jonathan and Steven were kidnapped by cartel members who physically tormented Jonathan at length, while extorting his family in the United States.

- Emilia and her daughters were kidnapped, and Emilia and her eldest daughter were raped on two separate occasions by the same perpetrators. For the second attack, the perpetrators had followed the family to another city, hundreds of miles away.

- Fabiola and her children were kidnapped, denied food, and threatened with death. She has endured further attempted kidnappings and an attempted sexual assault, and eventually made the difficult decision to send her children across the border by themselves.

- Ernesto is a gay asylum seeker from Guatemala who was assaulted by cartel members at a bus station and has been assaulted and extorted on an ongoing basis.

- Laura, Joseph, Anna and Carlos were kidnapped with other migrants: Joseph was beaten with a wooden plank and the entire family has been threatened with death if they leave Nuevo Laredo without paying off a cartel.

- Diana, Wanda, and Diego were attacked and robbed by armed gang members in Mexico and Wanda was separated from the group and gang raped. Wanda later was again attacked: she was nearly kidnapped and raped when she attempted to use a restroom at a migrant encampment in Matamoros.

- Jessica, Edgar and Damian, were kidnapped, starved and abused for more than a month. They face constant threat of assault, kidnapping and rape by cartel members who prey on migrants in the encampment where they are staying.

- Henry and Carolina have been repeatedly extorted and threatened with death. They have tried to get help from Mexican authorities, to no avail.

- Armando and Salvador were kidnapped by a cartel: Armando was forced to work long hours under threat of death; cartel members threatened to sell his son to organ traffickers.

- Carmen, Lola, and Esteban, were kidnapped, and Carmen was repeatedly gang raped in front of Lola and Esteban over a period of days. About one month later, her attackers kidnapped the family again and again raped Carmen in front of her children.

These facts could expose Plaintiffs to further danger and risk of violent retribution, particularly from attackers who have already attacked some of them more than once, if their identities were disclosed publicly. They fled their countries of origin because they were persecuted and/or feared persecution if they remained. Moreover, in Mexico—where they are forced to remain pending the outcome of their immigration proceedings—Plaintiffs have been

persecuted and been victims of death threats and extreme violence, including gang rapes,

beatings, and kidnappings for ransom.

      As asylum seekers fleeing danger—and forced to remain in a situation of imminent

harm—Plaintiffs fall within a particularly vulnerable class of migrants for whom confidentiality

about the nature and existence of their claims is particularly important, as their "identification

[could] create[] a risk of retaliatory physical or mental harm." *Qualls*, 228 F.R.D. at 10–11

(internal quotation marks and citation omitted); *see also* U.N. High Comm'r for Refugees,

*Advisory opinion on the rules of confidentiality regarding asylum information* ("UNHCR

Advisory Opinion") (Mar. 31, 2005) at 2-3, http://www.refworld.org/docid/42b9190e4.html

("[P]rivacy and its confidentiality requirements are especially important for an asylum-seeker,

whose claim inherently supposes a fear of persecution by the authorities of the country of origin

and whose situation can be jeopardized if protection of information is not ensured."). Indeed, if

Plaintiffs' persecutors learned of their asylum claims, the present lawsuit, or the circumstances of

Plaintiffs' immigration to the United States, it could leave them in significant danger.

      The federal immigration regulations reflect this concern for the sensitivity of asylum

applications and the attendant need for confidentiality. Asylum regulations provide for the

confidentiality of asylum applicants and credible fear interviewees, including the fact that an

applicant has applied for asylum or received a credible fear interview. *See* 8 C.F.R. §§ 208.6,

1208.6. The Department of Homeland Security has acknowledged the importance of these

regulations to the future safety of asylum applicants. *See Anim v. Mukasey*, 535 F.3d 243, 253

(4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of utmost importance in

protecting asylum applicants because the 'regulations safeguard information that, if disclosed

publicly, could subject the claimant to retaliatory measures by government authorities or non-

state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin.'") (quoting U.S. Citizenship & Immig. Serv. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Fed. Regulations Protecting the Confidentiality of Asylum Applicants* (2005)). For the same reasons, when the Board of Immigration Appeals issues published asylum-related decisions, it routinely uses only the initials of the applicant. *See, e.g.*, *Matter of M-H-Z-*, 26 I. & N. Dec. 757 (BIA 2016).

In recognition of the powerful interest that asylum seekers possess in maintaining their confidentiality, numerous courts have allowed them to proceed with pseudonyms or initials. *See, e.g., O.A. v. Trump*, No. CV 18-2718 (RDM), 2019 WL 3536334 (D.D.C. Aug. 2, 2019), ECF No. 3; *Grace v. Whitaker*, 344 F. Supp. 3d 96, 104 n.2 (D.D.C. 2018); *M.M.M. v. Sessions*, No. 18-1759-BAH (D.D.C. July 27, 2018), ECF No. 2; *M.G.U. v. DHS*, No. 18-cv-1458-BAH (D.D.C. June 21, 2018), ECF No. 7; *Ms. L. v. ICE*, No. 18-428 (S.D. Cal. Mar. 6, 2018), ECF No. 26; *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 172 (D.D.C. 2015).

### B. Anonymity Is Required for Plaintiffs Who Are Minors.

The federal rules require that at a minimum Plaintiffs Jose, Steven, Gabriela, Jane, Anna, Carlos, Wanda, Diego, Edgar, Damian, Carolina, Salvador, Lola, and Esteban proceed pseudonymously with the use of initials because they are minors. *See* Fed. R. Civ. P. 5.2(a). Plaintiffs here seek a similar level of anonymity that can be provided through pseudonyms.

### C. Defendants Are Government Officials Who Will Not Be Prejudiced, and the Public Interest Will Be Served.

Allowing Plaintiffs to proceed pseudonymously is especially appropriate where, as here, Defendants are government officials sued in their official capacity. *See, e.g.*, *Chao*, 587 F. Supp. 2d at 99 n.9 ("[W]hen a plaintiff challenges the government or government activity, courts are

more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.") (citing *Yacovelli v. Moeser*, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004)).

Moreover, Defendants will suffer no prejudice should Plaintiffs be allowed to proceed under pseudonym. Because Defendants know Plaintiffs' true identities, allowing Plaintiffs to proceed pseudonymously would pose no "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99; *see also Al Otro Lado*, 2017 WL 6541446, at *6 (finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and "have the information they need to defend against the claims"). Additionally, any public interest in disclosing Plaintiffs' identities is greatly outweighed by the significant risk of harm that such disclosure would pose to Plaintiffs. Finally, forcing Plaintiffs to publicly expose their identities, including to their persecutors, to pursue litigation "creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case." *Al Otro Lado*, 2017 WL 6541446, at *7. Thus, permitting Plaintiffs to use pseudonyms "will serve the public's interest in this lawsuit by enabling it to go forward." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000).

## II.   Plaintiffs Should Be Permitted To File Their Declarations and Pseudonym Chart Under Seal in Support of This Motion

This Court and the D.C. Circuit have recognized that the general presumption in favor of public access to court filings "is not without its time-honored exceptions," including the need to protect the "privacy . . . of victims of crimes." *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)); *see also Hamen v. Islamic Republic of Iran*, No. CV 16-1394 (RDM), 2018 WL 3459914, at *2 (D.D.C. July 18, 2018) (granting leave for witness to testify under seal where witness alleged his safety

would be put at risk if his testimony were made part of the public record, particularly since he

had been detained once before). The D.C. Circuit has established a six-factor "*Hubbard* test" for

assessing the need for privacy, requiring courts to weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous
> public access to the documents; (3) the fact that someone has objected to disclosure,
> and the identity of that person; (4) the strength of any property and privacy interests
> asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the
> purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 620

F.2d at 317–22).

      The relevant factors, like the closely related ones that concern proceedings under

pseudonyms, weigh heavily in favor of allowing Plaintiffs to file their declarations and exhibits

in support of this motion under seal. In particular, this Court has recognized that where the

moving party's "safety will be at risk" if the public is provided unrestricted access to court

filings, the fourth *Hubbard* factor "weighs strongly in favor of sealing." *Hamen*, 2018 WL

3459914, at *2. The high risk of physical harm or death faced by Plaintiffs, some of whom are

children, demonstrates that their need for confidentiality outweighs the public's interest in

knowing all of the sensitive details of their persecution. As asylum seekers fleeing persecution,

they fall within a particularly vulnerable class of migrants for whom confidentiality is

particularly important—as the government itself has frequently recognized. *See supra* Part I.

      The second *Hubbard* factor, "the extent of previous public access" also weighs against

disclosure because Plaintiffs have not previously filed federal court documents containing their

names or other sensitive details that they wish to conceal from the public record. *See Hamen*,

2018 WL 3459914, at *2. The third *Hubbard* factor, "the fact that someone has objected to

disclosure, and the identity of that person," also weighs against disclosure as Plaintiffs hereby

vigorously object to filing unsealed declarations due to their fear for their safety. *Id*. The sixth *Hubbard* factor, the "purpose of the information," also weighs against disclosure because personal details concerning Plaintiffs are not "relevant . . . to the central claims of the litigation." *Id*. at *3 (quoting *United States v. Harris*, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016)).

The countervailing interests in complete disclosure are minimal or nonexistent. The public's interest, if any, in knowing all of the sensitive details of Plaintiffs' persecution are negligible. To be sure, the issues that Plaintiffs raise in this lawsuit are important ones and may well be a matter of concern to the general public. Yet the public will still be able to gain a comprehensive understanding of the basis of Plaintiffs' claims for relief based on the complaint and other public filings in this case. Defendants will not face any prejudice if this Court provides leave for Plaintiffs to file their declarations and pseudonym chart in support of this motion under seal. The unredacted declarations, filed under seal, will provide Defendants with all of the information they need to know to prepare their defense in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted to proceed in this suit under their proposed pseudonyms and to file their declarations and pseudonym chart in support of this motion under seal , and Defendants should be prohibited from publicly disclosing Plaintiffs' identities or any personal identifying information that could lead to identification of Plaintiffs by non-parties.

Dated: April 14, 2020                    Respectfully submitted,

___/s/Celso J. Perez_____
Celso J. Perez (D.C. Bar No. 1034959)
Judy Rabinovitz*
Michael Tan*
Anand Balakrishnan*
Dan Galindo*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 160104)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800

Andre Segura*
Edgar Saldivar*
Kathryn Huddleston*
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

My Khanh Ngo*
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770

Rochelle M. Garza*
ACLU Foundation of Texas
P.O. Box 6087
Brownsville, Texas 78523
(956) 338-1603

Rebecca Smullin (D.C. Bar No. 1017451)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7714

Anne Peterson*
Blaine Bookey*
Karen Musalo*
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877

*Attorneys for Plaintiffs*
**Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I certify that I caused a copy of this motion, supporting exhibits (under seal) and proposed order to be served on the following, together with the summons and complaint:

Chad F. Wolf
Acting Secretary of the Department of Homeland Security
245 Murray Lane, SW,
Washington, DC 20528

U.S. Department of Homeland Security
245 Murray Lane, SW,
Washington, DC 20528

Timothy J. Shea
U.S. Attorney for the District of Columbia
555 4th Street, NW
Washington, DC 20001

/s/ Celso J. Perez
Celso J. Perez