**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————————————— ) | |
| NORA AND HER MINOR ) | |
| SON, JOSE (by and through ) | |
| his mother) c/o American ) | |
| Civil Liberties Union, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 20-0993 (ABJ) |
| ) | |
| CHAD F. WOLF, Acting ) | |
| Secretary of the Department ) | |
| of Homeland Security ) | |
| in his official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ———————————————————— ) | |

## STIPULATION AND PROTECTIVE ORDER

For good cause shown and with the consent of the parties on May 13, 2020, it is ORDERED that the parties' motion for protective order [Dkt. # 28] is hereby **GRANTED**, and the use or dissemination of the sealed exhibits ("Protected Material") filed by defendants with the Court in connection with their opposition [Dkt. # 23] to plaintiffs' motion for preliminary injunction [Dkt. # 18] shall be governed by the following terms and conditions.

1. **Duties**. The duty of the Party or Parties receiving the Protected Material ("Receiving Party"") and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Protected Material shall be designated by the Producing Party, subject to the provisions of this Order, with the designation of "PROTECTED MATERIAL". No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by

a Party as "PROTECTED MATERIAL," except as provided for in this Protective Order or as further ordered by the Court. Similarly, a Receiving Party may not disclose, in public or private, any notes or other materials created from review of the Protected Material, to the extent these contain information from the Protected Material, or from which information in the Protected Material may be inferred. Such materials must also be marked "PROTECTED MATERIAL" and are subject to the provisions of this stipulation.

2. **Access to Material**. Only the following persons shall have access to the Sealed Exhibits:

    a.  The Court and its official personnel;

    b.  Counsel for any Party and any of Defendants' personnel with whom Counsel for Defendants determines it is appropriate to share such information for the purpose of this litigation. For the purposes of this Protective Order, "Counsel" means the attorneys representing the Parties for this Action, including paralegals, office clerks, secretaries, law student interns, and other support staff assisting those attorneys, working on the Action;

    c.  Outside experts, consultants retained by the Receiving Party's Counsel to assist in this Litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials);

    d.  Outside litigation support personnel retained by Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

e.  Persons whom the Producing Party agrees in writing or on the record at a deposition may be shown Protected Material.

3.  **Agreement By Persons Accessing Sealed Exhibits**. All persons identified in paragraph 2 (c) and (d), (e) who in the course of the case may be given access to Protected Material shall be required to read this Protective Order and agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A that is annexed to this Protective Order. All such acknowledgments shall be maintained in the files of the counsel allowing access by such person to the Protected Material.

4.  Nothing contained in this Order shall restrict or limit any Party's right to present Protected Material to the Court during a trial in the Action. The use of Protected Material at trial shall be governed by the pretrial order.

5.  **Disclosure to Producing Party's Personnel**. Nothing in this Protective Order shall affect the right of the Producing Party to disclose to its client agency personnel, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material pursuant to this Order; such disclosure shall not waive the protection of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

6.  **Disclosure to Unauthorized Persons**. If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Producing Party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform

3

the Producing Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

7.  **"Admissibility" of Protected Material**. This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility into evidence of any Protected Material under Federal law.

8.  **All Objections Preserved**. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or other privilege. (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient, (b) object to the designation of any document or

information as PROTECTED MATERIAL, or (c) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Protected Material, by properly noticed motion with notice to all Parties and their respective counsel.

9. **Inadvertent Disclosure of Privileged Information**.

    a.   The inadvertent disclosure of Material covered by the attorney-client privilege, the work-product doctrine, or any other recognized privilege shall be governed by Federal Rule of Evidence 502 and this Protective Order.

    b.   If, in connection with the pending Litigation, a Producing Party inadvertently discloses information subject to a claim of a privilege or protection described in paragraph 9(a) ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

    c.   If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

    d.   Within twenty-one (21) calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party

shall produce a privilege log with respect to the Inadvertently Disclosed Information.

    e.  Nothing in this Protective Order shall limit the right of any Party to petition the Court for an order compelling production of such Inadvertently Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

10. **Use of Information Subject to Protective Order**. The Receiving Party's use of any information or documents obtained from the Producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Litigation or any other proceeding between the Parties, except as otherwise provided in this Order.

11. **Meet and Confer**. Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s). If counsel have conferred about the specific matter in dispute and agree that they cannot resolve the issue themselves, counsel must contact chambers to arrange a telephone conference with the Court.  **None of the remedies agreed to in the next paragraph may be invoked prior to a conference with the Court and leave of Court.**

12. **Injunctive Relief**. In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties and Third Parties agree that the aggrieved party may,

subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense the claim that the aggrieved party possesses an adequate remedy at law. The Parties and Third Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order. Because of the confidential nature of the information contemplated to be covered by this Protective Order, the Parties and Third Parties' agree that legal remedies are inadequate. Therefore, the Parties and Third Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order. The Parties and Third Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

13. **Other Actions**. If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action, seeking information or material which was produced or designated as Protected Material by someone other than that Party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced the Protected Material prior to compliance with the subpoena so as to allow the Producing Party to seek protection from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order

7

requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

14. **Survival and Final Disposition of Designated Material**. Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.

   a. Within thirty (30) days of the final termination of the Litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants or attorneys who considered or accepted representation of plaintiffs, shall be delivered by counsel of record for the Receiving Party to counsel of record for the Producing Party of such material or destroyed, with confirmation of that destruction to the producing Party in writing.

   b. Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph.

   c. Notwithstanding the foregoing, counsel may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney work product that contains or constitutes Protected Material. Further, counsel are not required to delete information that may reside on their firm's electronic back-up systems that ae overwritten in the normal course of business. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

15. **Amendment or Termination of Protective Order**. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of this Court for good cause shown. The terms of this Protective Order shall survive termination of the Action.

16. **Jurisdiction for Enforcement**. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order. Each person to whom disclosure of any Protected Information is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

17. **Limitations**. Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or material. Nothing in this Protective Order should be construed as prohibiting a non-party from seeking additional protections of records or information that it owns or controls.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  May 18, 2020

9